**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**AMERIKA SAMOA BANK, INSURANCE COMPANY OF SAMOA, LA FENIX BOLIVIANA S.A. DE SEGUROS Y REASEGUROS, Defendants.**

High Court of American Samoa
Trial Division
CA No. 157-96

May 2, 2003

Before RICHMOND, Associate Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Defendant La Fenix Boliviana, by its Special Deputy Liquidator, Roy J.D. Hall, Jr.
For Defendant Insurance Company of Samoa, Deanna Sanitoa
For Defendant Amerika Samoa Bank, William H. Reardon

## JUDGMENT OF CONTEMPT

On December 2, 2002, the Court first heard the application of Defendant La Fenix Boliviana ("LFB"), by its Special Deputy Liquidator ("the Liquidator"), to hold Don Fuimaono ("Fuimaono") in contempt for failing to comply with the Court's order of February 28, 2001, requiring Defendant Insurance Company of Samoa ("ICS") to pay the Liquidator $2,180.20, the amount of earned interest paid to Fuimaono while the Defendant Amerika Samoa Bank ("ASB") held the $50,000 statutory insurance deposit on ICS's behalf. On January 15, 2003, the Court pointed out that the order of February 28, 2001, was directed to ICS, not Fuimaono, and that as of the December 2 hearing, no factual or legal basis was established to hold Fuimaono personally in contempt for nonpayment. We scheduled a second hearing on the application, which took place on February 21, 2003. The three counsel named above were present. Fuimaono was present only by his counsel and not in person.

Non-payment of the $2,180.20 to the Liquidator, by either ICS or Fuimoano, is a stipulated fact. We will not rehash the additional complicated facts that lead us to this motion, but rely on evidence supporting the findings of fact in our prior decisions in discussing the issues raised by the present contempt proceedings.

### Discussion

 The only issue before us is whether we should pierce the corporate veil and hold Fuimaono responsible for the debts of ICS, a corporate entity. A corporation is a legal fiction, which exists as a separate entity from its shareholders and "exempt[s] the shareholders' property from corporate debts." *Amerika Samoa Bank v. Adams*, 22 A.S.R.2d 38, 42 (Trial Div. 1992); *see N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993). Exemption from liability "is the norm, not the exception," *N.L.R.B.*, 2 F.3d at 1051, but will be abrogated if "there are circumstances justifying disregard of the corporate entity to prevent abuse of corporate privileges, either by one or more individuals or by another corporation." *Amerika Samoa Bank*, 22 A.S.R.2d at 42.

93

■ The following combination of circumstances justify piercing the corporate veil:

> "First, that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of said person and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.

*Amerika Samoa Bank*, 22 A.S.R.2d at 42 (quoting *Minifie v. Rowley*, 202 P.2d 673, 676 (Cal. 1921)); *N.L.R.B.*, 2 F.3d at 1052; *RRX Industries, Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 545 (9th Cir. 1985).

■ As to the first requirement, there is no exhaustive or determinative list of factors. *See, e.g., N.L.R.B.*, 2 F.3d at 1052 n.6. Instead, we look to the totality of the circumstances. *See Amerika Samoa Bank*, 22 A.S.R.2d at 43. In the present case, we find that a unity of interest between Fuimaono and ICS is apparent. Fuimaono is the dominant, if not the only, stockholder of ICS. There is no evidence of a corporate structure or of adequate corporate records and minutes. Furthermore, he admitted to paying off ICS debt with his own personal funds. It was even unclear, when he attempted to get the security deposit from ASB, and when he actually succeeded in withdrawing the interest on the security deposit, whether he was acting on his own behalf or as an agent for ICS.

In fact, we had previously ordered that LFB was entitled to the original security deposit, subject to any outstanding claims by defrauded policyholders. In doing so, we allowed anyone with a claim to file it with the Court. Fuimaono attempted to do so, alleging that he had paid some $30,000 of ICS's debt out of his own personal funds.[5] He claimed

---

[5] On April 30, 2001, and again on December 2, 2001, Fuimaono submitted to the Court copies of his post-judgment claim to the Insurance Commissioner to a portion of the $50,000 insurance bond in the amount of $21,900, and now contends that the Court has not addressed this claim. Fuimaono had his opportunity to present his claim against the $50,000 prior to and during the trial of this action on March 10 and 27, 2000. Rights to the $50,000 were the primary issue during the trial. Those rights were determined in the Liquidator's favor by the Court in the opinion and order of December 4, 2000, and reaffirmed by the denial of the motion for reconsideration or new trial on February 28, 2001. His post-judgment claim was irrelevant, as he was not an unpaid or defrauded policyholder at issue for identification during post-

that he was unable to produce any documentation because it had been subpoenaed by a federal grand jury. However, the entire incident buttresses our factual findings, demonstrating how his own personal records and funds seemed to be those of the corporations, and vice versa.

■ As to the second requirement for piercing the corporate veil, we find that adherence to the corporate fiction would indeed promote an injustice. "The showing of inequity necessary to satisfy the second prong must flow from the misuse of the corporate form." *N.L.R.B.*, 2 F.3d at 1053. There is no better example of such a misuse than the case at hand.

■ In our original order on the merits, we found that, in attempting obtain a certificate of authority to transact insurance business in American Samoa, ICS had "never submitted financial or business statements for evaluation." *Am. Samoa Gov't v. Amerika Samoa Bank*, 4 A.S.R.3d 249, 256 (Trial Div. 2000). Any certificate ICS had received was "obtained by misrepresentation in violation of A.S.C.A. § 29.0213, prohibiting false or misleading filings." *Id.* We concluded that ICS was not "authorized to transact insurance business as an insurer." *Id.* at 11. Yet, despite ICS's status, it, or better yet, Fuimaono, still attempted to collect the $50,000 security deposit, holding itself out as a legitimate insurer in the Territory.

This is not a simple case of a corporation incapable of paying its debts. *N.L.R.B.*, 2 F.3d at 1053. Instead, it is the case of Fuimaono, acting through ICS, misusing the corporate form for his own personal gain. Accordingly, we find that it is in the interest of justice to shed the corporate veil to hold Fuimaono and ICS responsible and liable for each one's actions.

The order of February 28, 2001, requiring payment to the Liquidator of the $2,180.40 collected from ASB by Fuimaono was duly issued. At all times since issuance of the order, Fuimaono had knowledge of and ability to comply with the order. Neither ICS nor Fuimaono, ICS's alter ego, have complied with the order. Fuimaono's failure to comply with the order was willful and contemptuous.

### Order

1. Fuimaono is in contempt of this Court.

---

judgment claim proceedings undertaken before transmitting the $50,000 to the Liquidator.

2. Imposition of punishment is suspended on condition that Fuimaono pay $2,180.40 to the Liquidator not later than 60 days after entry of this judgment. Payment shall be made to the Clerk of the Court, who shall disburse the funds received to the Liquidator's counsel on behalf of the Liquidator.

3. This matter is continued to July 10, 2003, at 9:00 a.m. for the purpose of reviewing compliance with this Court's orders and, if appropriate or necessary, imposing punishment on Fuimaono for his contempt of this Court. Fuimaono shall appear at the hearing on July 10, 2003, without further order, notice or subpoena.

It is so ordered.